UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |  |
|---|---|---|
| **CRISTIAN ISAAC ARGUETA AYALA,** | ) ) ) | |
| **Petitioner,** | ) ) | |
| **v.** | ) ) ) | **Civil Action No.** **26-cv-11673-FDS** |
| **ANTONE MONIZ, et al.,** | ) ) ) | |
| **Respondents.** | ) ) ) | |

**MEMORANDUM AND ORDER ON PETITION**
**FOR WRIT OF HABEAS CORPUS**

**SAYLOR, J.**

This is a habeas petition that concerns the government's authority to hold a noncitizen

pending removal proceedings.[1]  Petitioner Cristian Isaac Argueta Ayala is a citizen of El

Salvador.  He has resided in the United States since 2022.

He was taken into ICE custody on April 9, 2026.  He has been charged with unlawfully

entering the United States.  Petitioner contends that his continued detention without a bond

hearing violates his Fifth Amendment right to due process and the Immigration and Nationality

---

[1] The petition names Antone Moniz, Superintendent, Plymouth County Correctional Facility; Patricia Hyde, New England Field Office Director, U.S. Immigration and Customs Enforcement; Michael Krol, New England Special Agent in Charge for Homeland Security Investigations, U.S. Immigration and Customs Enforcement; U.S. Immigration and Customs Enforcement; Todd Lyons, Acting Director, U.S. Immigration and Customs Enforcement; the U.S. Department of Homeland Security; Todd Blanche, Acting U.S. Attorney General; Executive Office for Immigration Review; and Markwayne Mullin, U.S. Secretary of Homeland Security.  Moniz, as "the person who has custody over [the petitioner]," is the only possible proper respondent.  28 U.S.C. § 2242; *see Vasquez v. Reno*, 233 F.3d 688, 696 (1st Cir. 2000) ("[A]n alien who seeks a writ of habeas corpus contesting the legality of his detention by the INS normally must name as the respondent his immediate custodian, that is, the individual having day-to-day control over the facility in which he is being detained."); *Rumsfeld v. Padilla*, 542 U.S. 426, 435 (2004) ("[I]n habeas challenges to present physical confinement—'core challenges'—the default rule is that the proper respondent is the warden of the facility where the prisoner is being held, not the Attorney General or some other remote supervisory official.").  The Court will therefore dismiss the claims against the other respondents.

Act and its implementing regulation.  In addition to declaratory relief, he seeks immediate release or, in the alternative, an individualized bond hearing.

## I.    <u>Background</u>

Cristian Isaac Argueta Ayala is a citizen of El Salvador.  (Dkt. No. 1 ¶ 17).  He has resided in the United States since 2022.  (*Id.* ¶ 45).  He has Special Immigrant Juvenile status and a work permit.  (*Id.* ¶ 48).

He was detained by ICE on April 9, 2026, in Wrentham, Massachusetts.  (*Id.* ¶ 46).  He remains detained at Plymouth County Correctional Facility in Plymouth, Massachusetts.  (*Id.*).  Petitioner alleges that he has been denied the opportunity to post bond or be released on other conditions.  (*Id.* ¶ 49).

On April 10, 2026, he filed, through counsel, a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241.  (Dkt. No. 1).  The petition contends that his detention without a bond hearing violates his Fifth Amendment right to due process and the Immigration and Nationality Act and its implementing regulation.  It also alleges that he is entitled to relief as a member of the class in *Guerrero Orellana v. Moniz*, 2025 WL 3687757 (D. Mass. Dec. 19, 2025).

That same day, the Court ordered that petitioner not be moved outside this District without prior notice until further order of the Court.  (Dkt. No. 4).  Respondents were further ordered to address whether, in light of this Court's decision in *De Andrade v. Moniz*, 2025 WL 2841844 (D. Mass. Oct. 7, 2025) and *Dume Rivera et al. v. Moniz*, 2025 WL 3198419 (D. Mass. Oct. 16, 2025), petitioner here was entitled to the same relief.  (*Id.*).

On April 14, 2026, respondents answered the petition.  (Dkt. No. 6).  They concede that "the legal issues presented in this Petition are similar to those recently addressed by this Court in

*De Andrade*," and "[s]hould the Court follow its reasoning in *De Andrade*, it would reach the same result here." (*Id.* at 1).

II.    **Analysis**

For the reasons discussed in the Court's decision in *De Andrade v. Moniz*, 2025 WL 2841844 (D. Mass. Oct. 7, 2025) and *Dume Rivera v. Moniz*, 2025 WL 3198419 (D. Mass. Oct. 16, 2025), and those of hundreds of other courts across the country, *Barco Mercado v. Francis*, 2025 WL 3295903, at *4, app. A (S.D.N.Y. Nov. 26, 2025) (collecting 350 cases decided by more than 160 different judges), noncitizens who unlawfully entered the United States but have resided in the country for some time are ordinarily subject to discretionary detention under 8 U.S.C. § 1226(a), not mandatory detention under 8 U.S.C. § 1225(b). *But see Buenrostro-Mendez v. Bondi*, 2026 WL 323330 (5th Cir. Feb. 6, 2026). Thus, because the government has not proffered an alternative authority for detention, to the extent that the government has such lawful authority, it must be under § 1226(a).

Due process entitles a § 1226(a) detainee to a hearing in which the government must "either (1) prove by clear and convincing evidence that [the detainee] poses a danger to the community or (2) prove by a preponderance of the evidence that [he] poses a flight risk." *Hernandez-Lara v. Lyons*, 10 F.4th 19, 41 (1st Cir. 2021). Due process therefore requires that petitioner be granted a bond hearing in which the government bears the burden of proof. *See id.*; *see also Jennings v. Rodriguez*, 583 U.S. 281, 306 (2018) (citing 8 C.F.R. §§ 236.1(d)(1)) (explaining that "[f]ederal regulations provide that aliens detained under § 1226(a) receive bond hearings at the outset of detention"). His continued detention without a bond hearing is "in violation of the Constitution or laws . . . of the United States." 28 U.S.C. § 2241(c)(3). The Court will therefore grant his petition. Accordingly, the Court need not resolve what effect the

declaratory judgments in *Guerrero Orellana* have on this action.

### III.     <u>Conclusion and Order</u>

For the foregoing reasons, the petition for a writ of habeas corpus under 28 U.S.C. § 2241 is GRANTED.  Respondents are hereby ORDERED to either release petitioner or provide him a bond hearing no later than April 24, 2026.  The claims against respondents Patricia Hyde, Michael Krol, U.S. Immigration and Customs Enforcement, Todd Lyons, the U.S. Department of Homeland Security, Todd Blanche, the Executive Office for Immigration Review, and Markwayne Mullin are DISMISSED.

**So Ordered.**

/s/  F. Dennis Saylor IV
F. Dennis Saylor IV

Dated:  April 16, 2026                          United States District Court Judge